NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2009[*]
Decided May 8, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2698

| | |
|---|---|
| RHONDA SWINNEY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Illinois. |
| *v.* | |
| | No. 06-cv-644-JPG |
| ILLINOIS STATE POLICE, | |
| *Defendant-Appellee*. | J. Phil Gilbert, |
| | *Judge*. |

**O R D E R**

Rhonda Swinney sued the Illinois State Police (ISP), her former employer, alleging that ISP retaliated against her for complaining about sexual harassment in violation of Title VII of the Civil Rights Act. The district court granted summary judgment for ISP. We affirm.

---

[*] Swinney moved to waive argument in this case, and we granted her motion. *United States v. Swinney*, No. 08-2698 (7th Cir. Feb. 10, 2009). Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

In October 2003, Swinney's supervisor, Sandra Robinson, forwarded four emails to Swinney and several other people at ISP. The first was a joke about "why women are crabby," that ended with "women are the 'weaker sex'? Yeah right." The second and third contained sexually-themed jokes. The fourth, sent three weeks after the first two, contained four pictures of men in sexually-themed Halloween costumes. Robinson's supervisor, Steve Avedisian, appears to have received at least one of the emails, as he told her the emails were inappropriate for the workplace and not to send any more. She did not.

In February 2004 Swinney was given her annual evaluation, which stated that she met expectations except for her use of time, but also noted that she had trouble with meeting deadlines and that a large number of vouchers she filled out were rejected by the central fiscal office due to clerical errors. Swinney formally disputed some of the criticisms in the evaluation.

Later in February, Swinney complained to Avedisian's supervisor, Arlene Hall, that she felt "harassed and intimidated" by Robinson. She stated that she and Robinson had been good friends, but their relationship had deteriorated as they worked together. She said she felt picked on for errors in her work that other supervisors did not address with their own subordinates. She also cited the fact that she had been denied a request for a four-day work week. Swinney showed Hall two of the emails and said that she was not sure why they had been sent to her but that she thought Robinson might have been trying to harass and intimidate her with the emails. After the meeting with Hall, Swinney asserts that her workload increased and that Robinson and Avedisian began to yell at her for poor job performance. Eventually, in November 2005, she was diagnosed with post-traumatic stress disorder and took a leave of absence from work. She has not returned to work at ISP.

Swinney sued, alleging that she was treated poorly in retaliation for complaining about harassment from Robinson, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). The State Police moved for summary judgment, which the district court granted. The court concluded first that no reasonable jury could find that Swinney's complaints to Hall in February 2004 concerned being harassed sexually. If Swinney was not complaining of sexual harassment, then she was not engaging in protected activity under Title VII. Second, the district court determined that there was no evidence from which a reasonable jury could find a causal connection between Swinney's complaints and any allegedly retaliatory conduct. The court noted that much of the conduct that Swinney characterized as retaliatory preceded her complaints to Hall in February 2004. The later conduct (such as being yelled at and assigned more work than co-workers) did not start until months after the complaints, suggesting that it was not caused by the complaints. Although Swinney may have been treated badly, the court concluded that there was no evidence to suggest she had been subjected to treatment that was unlawful under Title VII.

On appeal, Swinney argues that she did, in fact, engage in a statutorily protected activity. She argues that her complaints to Hall about the emails were complaints about sexual harassment. Although Swinney did not specifically tell Hall she felt sexually harassed, she asserts that it "should have been obvious" to Hall from the emails' contents that she was complaining about sexual harassment.

But Swinney has not produced evidence from which a jury could have concluded that her employer was aware the complaint concerned sexual harassment. *See Dey v. Colt Const. & Dev. Co.,* 28 F.3d 1446, 1458 (7th Cir. 1994). Although Swinney did not need to use "magic words" like "sex" or "gender discrimination," she needed to say something to make clear to Hall that her sex was an issue. *Sitar v. Ind. Dept. of Transp.,* 344 F.3d 720, 727 (7th Cir. 2003); *Miller v. American Family Mut. Ins. Co.,* 203 F.3d 997, 1007-08 (7th Cir. 2000). Swinney argues that Hall should have known that her complaints concerned sexual harassment, but we do not consider what employers should have known about complaints, and instead hold them responsible for what the record shows they actually knew. *Nagle v. Village of Calumet Park,* 554 F.3d 1106, 1122 (7th Cir. 2009); *Tomanovich v. City of Indianapolis,* 457 F.3d 656, 668 (7th Cir. 2006). Furthermore, Swinney presented the emails to Hall while complaining that she felt "harassed and intimidated" because, she said, Robinson picked on her for things other supervisors did not mention to their subordinates. An employee does not engage in protected activity merely by complaining of being "picked on" unless that complaint makes clear that he or she is being mistreated because of sex or gender. *Sitar,* 344 F.3d at 727; *see also Miller,* 203 F.3d at 1007-08 (complaints about matters other than pregnancy discrimination implied that pregnancy discrimination was not the issue). Finally, Hall's investigation revealed that the emails were also sent to Avedisian. This suggests that they were not directed to Swinney because of her sex, and undercuts the notion that Hall should have known the complaint was one of sexual harassment.

Swinney has not produced evidence from which a reasonable jury could conclude that her employer more likely than not knew that her complaint was about sexual harassment, and so summary judgment in favor of the State Police was appropriate. *See Miller,* 203 F.3d at 1008 (affirming grant of summary judgment on retaliation claim where employee's complaint to employer failed to implicate Title VII).

AFFIRMED.